## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**WALESCA PEREZ-MALDONADO**,
    Plaintiff,

    v.

**COMMISSIONER OF SOCIAL
SECURITY**,
    Defendant.

Civil No. 18-1725 (BJM)

### OPINION & ORDER

Plaintiff Walesca Perez-Maldonado ("Perez") filed the present case challenging the Commissioner of the Social Security Administration's ("Commissioner's") denial of her petition for Social Security disability insurance benefits. Docket No. ("Dkt.") 1. The parties having consented to proceed before me, Dkts. 4, 6, 7, 8, I entered an order remanding the case for further proceedings, ruling that Perez was denied the opportunity to show why her medical reports were not tainted by fraud. Dkt. 21 at 13. I also noted that if Perez requested, her benefits could be reinstated pending the Commissioner's decision on remand. *Id*. Judgment in the case was entered on February 27, 2020. Dkt. 22.

On November 13, 2021, Perez's counsel, Louis de Mier LeBlanc ("de Mier LeBlanc"), filed a motion for attorney fees in the amount of $14,426.65 pursuant to § 406(b) of the Social Security Act ("406(b)"). Dkt. 25. He then supplemented the motion with a copy of an "Important Information" letter issued by the Commissioner; this letter explains that Perez's monthly Social Security benefits have been temporarily reinstated and that twenty-five percent of her benefits, or $14,426.65, have been withheld in case the Commissioner has to pay her lawyer. Dkt. 27-1. The Commissioner filed a motion in response objecting to de Mier LeBlanc's motion as premature.

Dkt. 28. For the reasons explained below, de Mier LeBlanc's motion for attorney fees pursuant to 406(b) is **DENIED** without prejudice.

**APPLICABLE LEGAL STANDARDS**

In Social Security cases, attorney fees can be obtained pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, or the Social Security Act, 42 U.S.C. § 406. Fee awards may be made under both the EAJA and 406(b), but if fees are awarded under both, the attorney claiming the award must refund the lesser award to the client. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412.

Under the EAJA, a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the government's position in the litigation was not "substantially justified." § 2412(d)(1)(A); *see also Gisbrecht*, 535 U.S. at 796. EAJA fees are determined not by a percent of the amount recovered, but by the "time expended" and the attorney's "[hourly] rate," § 2412(d)(1)(B), which is capped at $125 per hour. § 2412(d)(2)(A). *See Gerardo Dieppa-Velázquez v. Comm'r of Soc. Sec.*, 19-CV-1574 (CVR) (D.P.R., May 25, 2021).

However, as noted above, a reasonable fee may be awarded to an attorney who successfully represented a claimant in federal court under 42 U.S.C. § 406(b)(1)(A). When a court renders judgment favorable to a Social Security claimant who has legal representation, the court may allow "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A). Unlike the EAJA, however, 406(b) does not authorize the prevailing party to recover fees from the losing party. Instead, 406(b) authorizes fees payable from the successful party's recovery. *Gisbrecht*, 535 U.S. at 795.

*Perez-Maldonado v. Comm'r of Soc. Sec.*, Civil. No. 18-1725 (BJM)                                    3

The Commissioner has interpreted 406(b) to "prohibi[t] a lawyer from charging fees when there is no award of back benefits." *Id*. A court may award fees under 406(b) when, for example, "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493-96 (10th Cir. 2006). However, 406(b) is not meant to permit counsel to request inordinate or unreasonable fees under the guise of a contingency fee agreement. 406(b) calls for court review of contingent fee arrangements between claimants and counsel to assure that they yield reasonable results. Agreements are also de facto unenforceable if they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A). Even within the 25 percent boundary, plaintiff's counsel must show that the fee sought is reasonable given the services rendered. *Id*. Courts must ensure that fees are reasonable even if they are less than 25% of the past-due benefits, as there is no presumption that 25% is reasonable. *Gisbrecht*, 535 U.S. at 807 n.17.

In determining a reasonable fee, a court should look first to the contingent fee arrangement, then test for reasonableness "based on the character of the representation and the results the representative achieved." *Id*. at 808. Factors relevant to reasonableness include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*. The claimant's attorney can also be required to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal billing rate for non-contingency fee cases. *Id*. "If the benefits are large in comparison to the amount of time counsel spent on a case, a downward adjustment is similarly in order." *Id*. (citations omitted).

*Perez-Maldonado v. Comm'r of Soc. Sec.*, Civil. No. 18-1725 (BJM)                    4

The statute does not specify a deadline for requesting fees. District of Puerto Rico Local Rule 54(b) states that "An application for attorneys' fees in those cases for which fees have been contracted . . . shall be filed within fourteen (14) days of the expiration of the time for filing a timely appeal."[1] *See also In Re: Adoption of Local Rules*, 03-MC-115, Dkt. 63-1 (proposed District of Puerto Rico Local Civil Rule 9, which states at (d)(2) that "[a] party seeking attorneys' fees pursuant to 42 U.S.C. § 406(b) shall have fourteen (14) days after counsel's receipt of the original, amended, or corrected Notice of Award, whichever is latest, to file its request for attorney's fees"); *id*. at Dkt. 70 (the Social Security Administration recommending in light of public comments that the deadline in (d)(2) be changed to 30 days). However, Local Rule 1(a) provides that "[t]he Court may modify [the local] rules in exceptional circumstances or when justice so requires." I have previously ruled that Local Rule 54(b) applies to 406(b) motions, but that the fourteen-day deadline for bringing such motions is tolled until counsel's receipt of a Notice of Award, or NOA, from the Commissioner. *See Lebron-Vazquez v. Comm'r of Soc. Sec.*, 18-CV-1281 (BJM) at 8-9 (D.P.R. Jan. 26, 2022).

## DISCUSSION

As de Mier LeBlanc claims, it is true that I am able to award 406(b) fees to de Mier LeBlanc even though I did not actually award anything to Perez but merely remanded to the administrative agency. *See, e.g.*, *Rosado Vazquez v. Sec'y of Health & Hum. Servs.*, 608 F. Supp. 346, 348 (D.P.R. April 23, 1985). *But see Durant v. Chater*, 906 F. Supp. 706, 713 (D. Mass. 1995) (noting that *Rosado Vazquez* was decided before the Supreme Court clarified that the Equal Access to Justice

---

[1] *But see, e.g.*, *Rodríguez v. Comm'r of Soc. Sec.*, 18-CV-1618 (CVR) (D.P.R. June 1, 2021) ("No . . . Local Rule directly addressing fees in Social Security cases exists in [the District of Puerto Rico]"). It is true that Local Rule 54(b) does not *directly* address fees in Social Security cases, but it is unclear why it would not apply to them.

*Perez-Maldonado v. Comm'r of Soc. Sec.*, Civil. No. 18-1725 (BJM)                    5

Act allowed attorneys to immediately apply for fees upon remand and apparently in part declining to award 406(b) fees as a result.

However, de Mier LeBlanc's 406(b) motion is nonetheless premature, as the above principle comes with the caveat that remand must ultimately "lead[] to an award of benefits for the claimant." *Rosado Vazquez*, 608 F. Supp. at 348. As the Commissioner notes, such benefits do not include benefits that have only been paid out on an interim basis. *See Rodriguez v. Sec'y of Health & Hum. Servs.*, 856 F.2d 338, 340-41 (1st Cir. 1988). *See also, e.g.*, *Kendrick v. Comm'r of SSA*, No. CV 16-97 (DLB), 2020 WL 5633846, at *2 (E.D. Ky. Sept. 21, 2020) (holding that despite being notified regarding his past-due benefits, the client might have to pay them back because his "benefits determination ha[d] not yet been made by an ALJ or the Commissioner," and so the attorney had to "wait to file his Motion for Attorney's Fees until after his client [was] actually entitled to past-due benefits"); *Robles-Garcia v. Comm'r of Soc. Sec.*, No. 8:19-CV-1399-T (NPM), 2021 WL 1925370, at *1 (M.D. Fla. May 13, 2021) ("if and only if a claimant is entitled to the past-due benefits[] will counsel be eligible for fees from the past-due benefit award. . . . Until the decision is final, counsel's request for attorney's fees is premature"). No benefits have yet been awarded here; instead, the Commissioner has reinstated Perez's benefits on an interim basis until a final determination regarding the benefits can be reached. The same applies to the amount withheld from her benefits. Accordingly, de Mier LeBlanc's motion is premature.

However, I deny the motion without prejudice; if Perez is subsequently awarded disability benefits, either by the Commissioner or by this court, de Mier LeBlanc will be able to recover reasonable attorney's fees for work he performed on behalf of Perez before this court. *See Spicer v. Califano*, 461 F.Supp. 40, 48 (N.D.N.Y. 1978). In anticipation of de Mier LeBlanc perhaps bringing a fresh 406(b) motion at a later date, I note again that I recently ruled that the deadline

for bringing such a motion is within two weeks of counsel's receipt of a Notice of Award, or NOA,

from the Commissioner. *See Lebron-Vazquez*, 18-CV-1281 (BJM), at 8-9.

## CONCLUSION

For the foregoing reasons, de Mier LeBlanc's petition for attorney fees pursuant to 406(b)

is **DENIED** without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of February 2022.


S/ *Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge